[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12347
Non-Argument Calendar
_____

D. C. Docket No. 07-00042-CV

ALONZO AUSTIN,

Plaintiff-Appellant,

versus

GLOBAL CONNECTION,
SAM ABDALLAH,
CEO/CFO,
RACHELLE COPELAND,
GLOBAL CONNECTION, INC. OF AMERICA,
GLOBAL CONNECTION INC., OF ALABAMA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(December 17, 2008)**

Before ANDERSON, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Alonzo Austin, pro se, appeals the district court's denial of his motion to strike Global Connection's motion for summary judgment, and its grant of summary judgment to Global Connection in his pro se suit alleging fraud, wire and mail fraud under 18 U.S.C. §§ 1341, 1343, and violations under the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. On appeal, Austin first argues that the district court abused its discretion in denying his motion to strike because Global Connection untimely filed its motion for summary judgment. Second, Austin argues that the district court erred in granting summary judgment to Global Connection, a telephone service provider, because Global Connection failed to produce any evidence relating to Austin's account with Global Connection. He argues that he never received the 100 free long distance minutes that Global Connection agreed to provide him in exchange for directly charging Austin's credit card for his telephone service. He also challenges the district court's failure to compel Global Connection to timely produce an exhibit and witness list for trial, or to order a pretrial conference.[1]

---

[1] Austin's amended complaint also named as defendants Sam Abdallah and Rachelle Copeland, the CEO and CFO of Global Connection, respectively. Austin does not challenge on appeal, however, their dismissal as parties, and thus has abandoned that issue. Horsley v. Feldt, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002). Additionally, although Austin's two motions for

## I. Austin's Motion to Strike

Prior to filing its untimely motion for summary judgment, Global Connection, through counsel, advised the court that it was experiencing technical difficulties and thus requested a brief filing extension. In denying Austin's motion to strike, the magistrate judge explained that Global Connection had contacted the court regarding these difficulties, and that the court had granted Global Connection permission to file its motion on February 1, 2008. Accordingly, the district court did not abuse its discretion by allowing Global Connection to file its motion for summary judgment one day late, and subsequently denying Austin's motion to strike.

## II. Summary Judgment

We review a district court's grant or denial of summary judgment de novo. Holloman v. Mail-Well Corp., 443 F.3d 832, 836 (11th Cir. 2006). We consider only the evidence that was before the district court, and view all such evidence in the light most favorable to the nonmoving party. Id. Summary judgment is appropriate when there exists no genuine issue of material fact, and the evidence compels judgment as a matter of law in favor of the moving party. Id. at 836-37; Fed.R.Civ.P. 56(c). A party opposing summary judgment may not rest upon mere

summary judgment were denied, he does not raise those issues on appeal, and they likewise are abandoned. Id.

3

allegations or denials of pleadings, but must set forth specific facts showing a genuine issue for trial. Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990).

### a. Count I - Fraud

Under Alabama law, the elements of fraud are: "(1) a misrepresentation, (2) of a material existing fact, (3) on which the plaintiff relied, and (4) which proximately caused injury or damage to the plaintiff." Wright v. AmSouth Bancorporation, 320 F.3d 1198, 1204 (11th Cir. 2003) (quotation omitted). To prevail on a promissory fraud claim based upon a promise to act or not to act in the future, "the plaintiff must show that at the time of the alleged misrepresentation (that is, the promise), the defendant intended not to do the act or acts promised, but intended to deceive the plaintiff." Id. (quotation omitted).

The district court did not err in granting summary judgment in favor of Global Connection on Austin's fraud claim because the evidence submitted, including the records relating to Austin's account, demonstrated that Austin received the 100 free minutes of long distance service that he claimed. Thus, there exists no genuine issue of material fact, and the district court did not err in granting summary judgment in favor of Global Connection on Austin's fraud claim. Holloman, 443 F.3d at 836-37.

### b. Counts II and III - Wire and Mail Fraud

4

The federal wire and mail fraud statutes are criminal statutes which do not provide for civil remedies. See 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud); Johnson Enter. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1316-17 (11th Cir. 1998) (recognizing §§ 1341 and 1343 as criminal statutes). Furthermore, the Supreme Court has explained that private citizens lack "a judicially cognizable interest in the prosecution or nonprosecution of another." Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 767 n.13, 125 S.Ct. 2796, 2809, 162 L.Ed.2d 658 (2005). Thus, Austin cannot bring civil claims under the criminal federal wire and mail fraud statutes. See 18 U.S.C. §§ 1341, 1343. Accordingly, the district court properly granted summary judgment in Global Connection's favor. Holloman, 443 F.3d at 836-37.

### c. RICO Violations

The RICO act provides for civil liability. 18 U.S.C. § 1962(a)-(d). "The four elements of civil RICO liability are (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Langford, 231 F.3d at 1311. "[T]he Supreme Court has observed that two isolated acts of racketeering activity do not constitute a pattern." Cox v. Adm'r U.S. Steel & Carnegie, 17 F.3d 1386, 1397 (11th Cir. 1994) (quotations omitted) (citing Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 n.14, 105 S.Ct. 3275, 3285 n.14, 87 L.Ed.2d 346 (1985)).

Rather, a pattern is produced through the combination of "continuity plus relationship," which requires that the predicate acts have, in part, a similar purpose, result, or victim, and that they occurred over a substantial period of time. Id. "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy [the continuity] requirement." Id. (citing H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 241-42, 109 S.Ct. 2893, 2902, 106 L.Ed.2d 195 (1989)).

The record evidence, viewed in the light most favorable to Austin, fails to establish that Global Connection committed either wire or mail fraud, the alleged underlying racketeering activity, which is a requisite element of a RICO claim. Langford, 231 F.3d at 1311. Moreover, the alleged incidents of wire and mail fraud do not constitute a pattern of racketeering activity for the purposes of the RICO Act because there were only two acts complained of, the acts did not occur over a substantial amount of time, and Austin did not show a threat of future occurrences. Cox, 17 F.3d at 1397. Accordingly, the evidence does not establish the requisite elements of a RICO claim, and Global Connection was thus entitled to summary judgment. Holloman, 443 F.3d at 836-37.

### III. Scheduling Order

District courts have the power to manage their own dockets, and we review a

district court's exercise of that power only for abuse of discretion.  <u>Young</u>, 358 F.3d at 863-64.  The district court did not abuse its discretion in failing to compel Global Connection to produce its exhibit and witness list, or in failing to order that the scheduled pretrial conference be held.  Regarding the exhibit list, Austin did not immediately object to the magistrate's failure to compel the list, but rather filed a motion for summary judgment, the outcome of which could potentially make the issue of Global Connection's exhibit list moot.  As to the pretrial conference scheduled for February 2008, both Austin and Global Connection had filed their motions for summary judgment by February 1, 2008, thus potentially making the issue of a pretrial conference moot.  Additionally, Austin raised no objection to either of these issues until after the magistrate had already recommended granting summary judgment in favor of Global Connection, at which point these issues were essentially moot.  Accordingly, the district court did not abuse its discretion in rejecting Austin's arguments and not requiring Global Connection to comply with the scheduling order.

**AFFIRMED.**

7